# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

JESSICA GIAMBRONE,

    Plaintiff,

v.                                                            Case No.: 8:16-cv-2083-T-30AAS

KEARNEY & COMPANY, P.C., a
foreign corporation,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff's Motion to Strike Affirmative Defense of Judicial Estoppel (Doc. 28), and Defendant's response thereto (Doc. 33).

Federal Rule of Civil Procedure 12(f) provides that the Court may order "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. In evaluating a motion to strike, the Court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. *Microsoft Corp. v. Jesse's Computers & Repair, Inc.,* 211 F.R.D. 681, 683 (M.D. Fla. 2002). A motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *Harvey v. Home Depot U.S.A., Inc.,* No. 8:05-CV-936-T-24EAJ, 2005 WL 1421170, at *1 (M.D. Fla. June 17, 2005*)* (citing *Scelta v. Delicatessen Support Services, Inc.,* 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1997)).

"An affirmative defense will only be stricken ... if the defense is insufficient as a matter of law." *Microsoft Corp.,* 211 F.R.D. at 683. An affirmative defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a

1

matter of law. *Harvey,* 8:05-cv-936-T-24EAJ, 2005 WL 1421170, at *1. To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike, particularly when there is no showing of prejudice to the movant. *Id.* (citing *Reyher v. Trans World Airlines, Inc.,* 881 F. Supp. 574, 576 (M.D. Fla.1995)).

Here, Defendant's sixteenth affirmative defense, the defense of judicial estoppel, pertains to the allegation that Plaintiff's inconsistent statement made in a bankruptcy action forecloses her claims. (Doc. 29). Plaintiff argues that Florida law of judicial estoppel applies to these facts; thus, Defendant is required to show prejudice from the inconsistent statement. (Doc. 28). Defendant argues, to the contrary, that under the federal judicial estoppel analysis, Defendant is not required to show prejudice. (Doc. 33).

The dispute, as it pertains to the affirmative defense of judicial estoppel, arises as to whether Florida or federal judicial estoppel law applies. The issue is not clearly resolved. *See Burnes v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1285 (11th Cir. 2002) ("In this case, judicial estoppel is raised in the context of a bankruptcy proceeding and a federal employment discrimination case; therefore federal law governs our analysis."); *but see Original Appalachian Artworks, Inc. v. S. Diamond Associates, Inc.*, 44 F.3d 925, 930 (11th Cir. 1995) (holding, in dicta, that the application of judicial estoppel in a diversity case is governed by state law). Therefore, as the defense of judicial estoppel puts into issue relevant and substantial legal and factual questions, it is sufficient and should stand.[1]

According, it is **ORDERED** that**:**

---

[1] In addition, Plaintiff has not asserted that Plaintiff will suffer any prejudice by the inclusion of this defense. *See Sutherland v. Boehringer-Ingelheim Pharmaceuticals, Inc.*, Case No. 8:14-cv-2741-T-17TBM (M.D. Fla. Apr. 13, 2015) (denying a motion to strike several defenses because the plaintiff suffered no prejudice).

Plaintiff's Motion to Strike Affirmative Defense of Judicial Estoppel (Doc. 28) is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on this 19th day of May, 2017.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge