UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSICA GIAMBRONE,

    Plaintiff,

v.                                        Case No.: 8:16-cv-2083-T-30AAS

KEARNEY & COMPANY, P.C., a
foreign corporation,

    Defendant.
_____/

## ORDER

This matter comes before the Court on Plaintiff's Motion to Quash Non-Party Subpoenas to Current and Former Employers (Doc. 31), and Defendant's response thereto (Doc. 35).

## I.    BACKGROUND

Plaintiff brought this action for employment discrimination, sexual harassment and retaliation, and seeks lost wages, benefits and other remuneration, front pay, and compensatory damages, including for alleged emotional distress. (Doc. 9). Defendant denies Plaintiff's entitlement to damages and lists, inter alia, set-off and Plaintiff's failure to mitigate damages as affirmative defenses. (Doc. 29).

Defendant served Plaintiff with discovery requests intended to discover other sources of income she has received since her termination. Plaintiff listed three subsequent employers, one of which was Big Brothers Big Sisters, Tampa, FL ("BBBS"). However, Plaintiff provided only tax forms and pay stubs as her documentation concerning her engagement with BBBS. Specifically, Plaintiff has not provided information concerning the total compensation package she is receiving or can receive from BBBS and other employment-related documents. Consequently, Defendant

1

subpoenaed this information directly from BBBS. (Doc. 35, Ex. 1).

In response to the subpoena, Plaintiff filed the instant motion to quash the subpoena (Doc. 31), and Defendant filed a response in opposition to Plaintiff's motion (Doc. 35).[1] Accordingly, this matter is ripe for review.

## II. ANALYSIS

Pursuant to Rule 45, a court may quash, modify, or specify conditions for responding to a subpoena. Fed. R. Civ. P. 45(d)(3). Generally, a party does not have standing to seek to quash a subpoena issued to a non-party. An exception exists where the party demonstrates a personal right or privilege with respect to the subject matter of the subpoena. *Auto-Owners Inc. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). The party moving to quash the subpoena has the burden of persuading the Court that the subpoena should be quashed. *Id.* It is well-settled that the permissible scope of discovery that may be sought pursuant to a Rule 45 non-party subpoena is the same as the scope of discovery permitted pursuant to Rule 26(b).

Although Plaintiff has properly asserted a personal right in her employment records, that personal right is outweighed in this case by the relevance and proportionality of these records to the needs of the case. Defendant seeks documents related to Plaintiff's employment terms, benefits and compensation at BBBS as well as Plaintiff's attendance records, schedules, dates worked, time off requests, and performance-related documents. Most of these categories of documents sought by the subpoena are directly relevant to Plaintiff's claim for damages, and more specifically any

---

[1] Despite Plaintiff's reference in paragraph three of the motion to "Defendant's Non-Party Subpoenas to current and past employers," the only subpoena that appears to be at issue is the subpoena issued to BBBS. If there are other subpoenas at issue, Plaintiff may file her request for relief as to any other subpoenas by separate motion and attach those subpoenas.

set-off or mitigation of those damages.  Further, Defendant contends that other factors contributed to or caused Plaintiff's purported emotional distress damages.  For example, according to Defendant, Plaintiff testified she is currently seeking other employment, suggesting she is not content with her employment at BBBS.  Consequently, the documents sought in paragraphs 8 and 9 are relevant and proportional to Plaintiff's claim for emotional distress damages.

The subpoena to BBBS is narrowly tailored to meet the specific needs of this case and seeks information proportional to the issues being litigated.  (*See* Doc. 35, Ex. A).[2]  Thus, the Court concludes that Defendant is entitled to subpoena Plaintiff's records from BBBS.

### III. CONCLUSION

Accordingly, after due consideration, it is **ORDERED:**

Plaintiff's Motion to Quash Non-Party Subpoenas to Current and Former Employers (Doc. 35) is **DENIED.**[3]  The parties are instructed, prior to Defendant viewing the information provided by BBBS, to confer in good faith in an effort to reach an agreement protecting Plaintiff's personal records from being distributed to persons outside this litigation.

**DONE AND ORDERED** in Tampa, Florida on this 12th day of June, 2017.

*/s/ Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[2] In *E.E.O.C. v. Autozone, Inc.*, Case No. 3:06-cv-862-J-32MCR (M.D. Fla. Dec. 18, 2007) the court considered a similar situation, and concluded that the federal rules permit a narrowly-tailored subpoena to a subsequent or current employer.

[3] This order only addresses the subpoena issued to BBBS.  As instructed in footnote 1, if there are other subpoenas at issue, Plaintiff may file her request for relief by separate motion and attach the subpoena at issue.