**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JESSICA GIAMBRONE,**

    **Plaintiff,**

v.                                                        **Case No.: 8:16-cv-2083-T-27AAS**

**KEARNEY & COMPANY, P.C., a
foreign corporation,**

    **Defendant.**

_____/

## **ORDER**

This matter comes before the Court on the following three motions: (1) Defendant's Motion to Compel Complete, Accurate and Verified Responses to Discovery Requests (Doc. 37), Plaintiff's Response in Opposition to Defendant's Motion (Doc. 40), and Defendant's Notice Updating the Court on Status of the Motion to Compel (Doc. 41); (2) Defendant's Motion to Compel Independent Psychological Examination of Plaintiff (Doc. 39), and Plaintiff's Response in Opposition to Defendant's Motion (Doc. 46); and (3) Defendant's Motion to Enforce the Non-Party Subpoena Issued to Bloomingdale Psychiatric Associates, P.L. and to Hold it in Contempt, and for Sanctions Against Plaintiff (Doc. 47),[1] and Plaintiff's Response in Opposition to Defendant's Motion (Doc. 48). On July 21, 2017, the parties appeared before the undersigned for oral argument on Defendant's Motions.

For the reasons stated on the record at the hearing, it is **ORDERED** that:

(1)    Defendant's Motion to Compel Complete, Accurate and Verified Responses to

---

[1] Although this Motion (Doc. 47) was not set for oral argument, it was addressed in relation to the other pending motions.

1

Discovery Requests (Doc. 37) is **GRANTED** with the following specific instructions:

(a) No later than **August 1, 2017**, Plaintiff shall amend and verify her interrogatory responses. Specifically, Plaintiff shall amend her responses as follows:

(i) Interrogatory No. 3 must be fully answered (although the request for employment dates may be limited in scope to include only the month and year);

(ii) Response to Interrogatory No. 4 must include business addresses, contact information, the reason(s) for leaving employment, and clarification on the rate of pay;

(iii) Response to Interrogatory No. 6 must include business addresses, contact information, and the injury or ailment that was examined or treated at each facility listed;

(iv) Interrogatory No. 8 must be fully answered;

(v) Interrogatory No. 9 must be fully answered; and

(vi) Response to Interrogatory No. 10 must include the specific .html address for Plaintiff's LinkedIn and Facebook pages, as well as any other social media websites Plaintiff uses, if any.

(b) No later than **August 1, 2017**, Plaintiff shall amend her written responses to Defendant's Requests for Production <u>and</u> produce any remaining responsive documents that have not yet been produced. Plaintiff's amended written responses shall include complete responses to Defendant's Requests for Production Nos. 2, 9, 21, and 47, as well as any other responses that, upon Plaintiff's and her counsel's review, are inaccurate or incomplete. In addition, no later than 5:00 p.m. on **July 24, 2017**, the parties shall confer as to the most efficient and cost effective manner for Plaintiff to extract and produce all text messages, including pictures, exchanged between Plaintiff and Cameron Baumgartner. No later than 12:00 p.m. on **July 25, 2017**, the parties shall file a notice with the Court as to whether an agreement has been reached

and, if not, available options for the Court to consider in ordering the extraction and production of the text messages, including pictures, at issue.

(c) Defendant's request for reasonable attorneys' fees and costs incurred in relation to Defendant's Motion to Compel (Doc. 37) is granted. Defendant's counsel shall file affidavits and evidence supporting its claim for fees and costs no later than **August 14, 2017**.

(2) Defendant's Motion to Compel Independent Psychological Examination of Plaintiff (Doc. 39) is **GRANTED**.

(3) Defendant's Motion to Enforce the Non-Party Subpoena Issued to Bloomingdale Psychiatric Associates, P.L. and to Hold it in Contempt, and for Sanctions Against Plaintiff (Doc. 47) is **GRANTED** to the extent that Defendant requests that Plaintiff execute a copy of Bloomingdale Psychiatric Associates' specific medical release form. This release shall be executed, notarized, and delivered to Defendant's counsel by Plaintiff's counsel via email no later than 5:00 p.m. on **July 24, 2017**. Additionally, the original signed release shall be mailed by Plaintiff's counsel to Defendant's counsel with a postmark date no later than **July 25, 2017**. Should Defendant's counsel request delivery of the original signed release by any other means (i.e., by hand delivery or Federal Express), then Defendant's counsel may make arrangements for that expedited delivery at Defendant's expense. Bloomingdale Psychiatric Associates shall produce the requested records to Defendant within seven days of Bloomingdale Psychiatric Associates' receipt of Plaintiff's executed release. These medical records shall be treated by the parties as confidential for discovery purposes. In all other respects, Defendant's Motion (Doc. 47) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on this 21st day of July, 2017.

*Amanda Arnold Sansone*
_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge